**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **AGNES GOLD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 4:25-CV-3414** |
| **BURLINGTON COAT FACTORY OF** | § | |
| **TEXAS, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff AGNES GOLD ("Plaintiff" or "Ms. Gold"), by and through her undersigned counsel, files this Original Complaint against Defendant BURLINGTON COAT FACTORY OF TEXAS, L.P. ("Defendant" or "Burlington"), and alleges as follows:

### I.    PARTIES

1.    Plaintiff is a resident of Harris County, Texas. At all relevant times, she was employed by Defendant at its retail location in Harris County, Texas.

2.    Defendant Burlington Coat Factory of Texas, L.P. is a foreign limited partnership with its principal place of business located at 1830 Route 130, Burlington, NJ 08016. Defendant operates Store #556 located at 12001 East Fwy, Houston, Texas 77029, and may be served through its registered agent. Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA") and the Pregnant Workers Fairness Act ("PWFA"), employing more than fifteen (15) employees.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                    Page 1

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 42 U.S.C. § 2000e-5(f)(3).

4.    Venue properly lies in this Court because all acts and omissions giving rise to these claims took place in Harris County, which is in the District and Division in which this suit has been filed.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.    Plaintiff timely filed Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 460-2024-05655 on October 8, 2024.

6.    Plaintiff has either received a Notice of Right to Sue from the EEOC or has satisfied all other conditions precedent to the filing of this suit. This action has been timely commenced.

## IV.    FACTUAL BACKGROUND

7.    Plaintiff began her employment with Burlington on or about March 27, 2023 as a part-time sales associate and cashier.  She quickly established herself as a model employee with no disciplinary record and consistent positive performance.

8.    In or around June or July 2023, Plaintiff informed her supervisors that she was pregnant, with an anticipated due date of January 16, 2024.  She communicated her intent to work through December 2023 and return after maternity leave.

9.    Shortly after disclosing her pregnancy, Burlington management began reassigning Plaintiff from customer-facing cashier roles to the fitting room, effectively concealing her from the sales floor and minimizing her visibility to customers.

10.     Plaintiff's work hours were also significantly reduced without explanation.   These reductions began after her pregnancy became known and were not consistent with any performance deficiencies or business necessity.

11.     Management and coworkers frequently directed offensive and degrading comments at Plaintiff regarding her pregnancy and appearance.  Examples of comments included:

- "She looks like a pitbull"

- "Nobody wants to see that"

- "You are too big we don't need you"

- "She's so big, she looks like a pimple that is about to bust."

12.     On or about November 21, 2023, store manager Angela Vechhio sent Plaintiff home early – approximately four hours before the end of her shift – stating that she looked "too pregnant" to work.

13.     The next day, on or about November 22, 2023, another manager told Plaintiff in front of her husband that she was "too big" and "not wanted at the store" and would be placed on immediate maternity leave, despite medical clearance to continue working.

14.     Plaintiff never requested early maternity leave and was not provided FMLA forms or reasonable accommodations as required under the PWFA.

15.     Plaintiff attempted to consult supervisor Raveen Leday about the treatment but was given no explanation or assistance.

16.     After giving birth in January 2024, Ms. Gold began contacting Burlington in February 2024 to inquire about returning to work.  Her calls went unanswered.

17.     On March 1, 2024, Plaintiff went to the store in person.  She was told by a new manager – who had replaced her prior supervisor – that her employment had been terminated and that her position had been filled by a male associate.  No reason was provided.

18.     Plaintiff was never informed of her termination prior to this encounter and never received any documentation related to it.

## V.     CAUSES OF ACTION

***COUNT ONE: PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII, as amended by the PDA and PWFA, 42 U.S.C. § 2000e et seq***

19.     Plaintiff incorporates all preceding paragraphs

20.     Plaintiff was a qualified employee and a member of a protected class based on sex and pregnancy.

21.     Defendant subjected Plaintiff to adverse employment actions, including reduction in hours, involuntary reassignment, early forced leave, derogatory comments, and eventual termination

22.     Plaintiff was removed from her position under the false pretense that she could not work while pregnant, even though she had medical clearance to work through December 2023.

23.     The harassment and adverse actions were motivated by Plaintiff's pregnancy and visible physical condition.  Her replacement by a male employee further confirms the pretextual nature of Defendant's actions.

24.     Defendant's conduct constitutes unlawful discrimination on the basis of pregnancy and sex in violation of Title VII and the PWFA.

***COUNT TWO:  RELATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-3(a)***

25.     Plaintiff incorporates all preceding paragraphs.

26.     Plaintiff engaged in protected activity by reporting pregnancy-related harassment and attempting to assert her right to remain at work despite discriminatory treatment.

27.     Defendant was aware of her complaints, including those made to supervisor Raveen Leday.

28.     In direct response to these complaints and protected activity, Defendant retaliated against Plaintiff by reducing her hours, removing her from public-facing roles, and ultimately placing her on involuntary leave.

29.     Defendant's retaliation culminated in her termination and replacement, without any legitimate reason or communication.

30.     Defendant's actions constitute retaliation in violation of Title VII.

## VI.    REMEDIES

31.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and award the following relief:

a.      Aware back pay and lost benefits;

b.      Award compensatory damages for mental anguish, emotional distress, and other non-economic losses;

c.      Aware punitive damages as allowed by law;

d.      Award reasonable attorney's fees and costs;

e.      Grant pre- and Post-Judgment Interest as allowed by law; and

f.      Grant such other relief as the Court deems just and proper.

## VII.    JURY TRIAL DEMAND

PLAINTIFF'S ORIGINAL COMPLAINT                                              Page 5

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

**CARTER LAW GROUP, PC**

*/s/ Erin Nowell*
Erin Nowell
Texas Bar No. 24040431
enowell@clgtrial.com

351 W. Jefferson Blvd.
Suite 503, LB 11
Dallas, TX 75231
Telephone: (214) 390-4173

**ATTORNEY FOR PLAINTIFF**